**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JORGE BONILLA DÁVILA**<br>Plaintiff<br><br>vs.<br><br>**UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO, INC.; DARÍO SUÁREZ RAMÍREZ; JOHN DOE AND ANY OTHER RESPONSIBLE**<br>Defendants | CASE NO.<br><br>**SECURITIES<br>FRAUD<br>TRIAL BY JURY DEMANDED** |

**COMPLAINT**

**TO THE HONORABLE COURT**:

APPEAR NOW the Plaintiff, **MR. JORGE BONILLA DÁVILA** through the undersigned counsel, and hereby states, alleges, and request as follows:

**I.   INTRODUCTION**

1.   Plaintiff Mr. Jorge Bonilla Dávila ("Mr. Bonilla Dávila") is a citizen of the Commonwealth of Puerto Rico.  As we proceed to explain, Mr. Bonilla Dávila entrusted his investment assets in Puerto Rico, to Mr. Darío Suárez and UBS Financial Services Incorporated of Puerto Rico, Inc., giving both, (collectively "Defendants"), authority, in their discretion, to select, purchase and sell securities in their accounts, and were the object of continuous, fraudulent, known, deliberate, unlawful and bad faith actions or omissions by Defendants.

2.   The complaint against Defendants outlines a deceptive scheme to subvert and unsettle the value of the funds in the marketplace. Its further concerns manipulations made possible by the peculiar way in which the funds were price. The pricing of the funds served no legitimate purpose; it was designed only to create a false appearance of volume and increasing price.

3. Plaintiff investments in Puerto Rico bond funds were unsuitable, over-concentrated and misrepresented as safe. Defendants misled Plaintiff about the risk of these investments, his loan and his overall investment strategy.

4. Its Plaintiff contention that Defendants committed the following: securities fraud, false statements, wire and mail fraud, breach of contract, breach of fiduciary duty and negligence, along with other claims in law and equity.

5. Plaintiff entrusted their investment assets to Defendant, with the expectation these firm would assure their investment objectives would be fulfilled and the firm would diligently oversee and supervise the activities of Mr. Darío Suárez Ramírez, who the firm employed as a stock broker and to whom they assigned management and control of their assets.

6. Defendants managed and controlled Plaintiff investment assets since 2010. Defendants, however, failed to fulfill the duties they assumed when they were entrusted by Plaintiff with their investment assets.

## II.   JURISDICTION AND VENUE

7. This Complaint is filed by Plaintiff against defendants:

a. under the Judicial Code, 28 U.S.C. §1331 and Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78aa, for violations of Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, and Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a), and for which, for the aforesaid violations, Defendants are primarily, and jointly and severally, liable, or for which Defendants are primarily liable under principles of successive and independent tortfeasor liability, or for which UBS Financial are vicariously liable under principles of respondeat

superior;

b. under the Judicial Code, 28 U.S.C. §§1331, and 18 U.S.C. §1964, against Defendant, for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c), relating to unauthorized transactions in the accounts of Plaintiff at the firm, including unauthorized withdrawals of funds from their accounts by journal entries, wire transfers and illegitimate of use their credit cards, and for which, for the aforesaid violation, Defendant is vicariously liable under principles of respondeat superior;

c. under the Judicial Code, 28 U.S.C. §1332, and principles supplemental jurisdiction, under 28 U.S.C. §1367, against Defendant, arising out of, or in connection with, unsuitable investment, unauthorized and excessive trading, and unlawful transactions, in the accounts of Plaintiff, for:

   i. fraud;
   ii. breach of fiduciary duty;
   iii. failure to supervise and control Mr. Darío Suárez (stock broker)
   iv. negligent misrepresentation;
   v. negligence;
   vi. gross negligence; and
   vii. misappropriation and conversion;

and for which Defendant are primarily, and jointly and severally, liable for the aforesaid violations of common law; or for which Defendant is primarily liable for the aforesaid violations under principles of successive and independent tortfeasor liability; or for which Defendant is vicariously liable under principles of respondent superior.

3

8. Plaintiff, Mr. Bonilla Dávila, and Defendant, Mr. Darío Suárez Ramírez, are citizens of the Commonwealth of Puerto Rico; Defendant, UBS Financial Services Incorporated of Puerto Rico, Inc. is a company organized according to the laws of New York with headquarters in New York City, thus, diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in this Judicial District pursuant to §27 of Exchange Act, 15 U.S.C. § 78aa and 2 U.S.C. § 1391 (b) as a significant portion of Defendant actions, and the subsequent damages, took place within this district.

10. In connection with the acts, conducts and other wrongs or omissions alleged in this Complaint, Defendant, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails, telephone communications and the facilities of the national securities exchanges.

### III.   PARTIES

#### A. Plaintiff

11. Plaintiff, Mr. Bonilla-Davila is a citizen of the Commonwealth of Puerto Rico who has always resided and has been domiciled at Ponce, Puerto Rico.

#### B. Defendants

12. UBS Financial Services Incorporated of Puerto Rico, Inc. (hereinafter "UBS" or "Defendant") is a corporation with its principle place of business at American International Plaza, 250 Muñoz Rivera Ave., San Juan, Puerto Rico, 00918 with register number 41392 and The Prentice-Hall Corporation System, Puerto Rico, Inc., as a Resident agent, whit mail address at c/o Fast Solutions, LLC, Citi Tower, 252 Ponce de Leon Avenue, Floor 20, San Juan, Puerto Rico 00918.

13. Defendant investment representatives allegedly serve the investment needs of private investors with substantial assets as well as thousands of mid-sized institutional accounts worldwide. The group's investment representatives provide their clients with direct access to banking, fixed income, equity, foreign exchange and derivative products, as well as Defendant research and execution capabilities.

14. Defendant, DARÍO SUÁREZ RAMÍREZ, CRD# 1143417, broker at UBS Financial Services Incorporated of Puerto Rico, Inc., at the offices located at Centro Caribe Building. 2053 Ponce By Pass, Ponce, Puerto Rico 00717, CRD#130242. Mr. Darío Suárez Ramírez is the designated Financial Advisor for Plaintiff.

### IV. DEFENDANTS FIDUCIARY AND CONTRACTAUL DUTIES

15. The Defendants owned a uniform fiduciary duty to Plaintiff. Most fundamentally, this common law and statutory duty required Defendants to act in the best interests of Plaintiff and to act with care, prudence, loyalty and candor required of fiduciaries.

16. In pertinent part, the Introduction of the Code of Ethics for the Tax-Free Puerto Rico Target Maturity Fund II, Inc. states that: "the same is predicated on the principle that you, as officers, directors, and employees of ("the "Fund"), and/ or as officers, directors or employees of UBS PaineWebber Trust Company of Puerto Rico ("UBS PWTC"), UBS PaineWebber Incorporated of Puerto Rico ("now named as **UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO, INC.;**"), and their respective affiliates (collectively, the "UBS Affiliates") having duties or responsibilities with respect to the operations of the Fund, owe a fiduciary duty to the shareholders of the Fund. Accordingly, you must avoid activities, interests and relationships that might interfere or appear to interfere with making

5

decisions in the best interests of Fund shareholders."

17. Further, the Code of Ethics stated the Defendants, at all the times, must: a) Place the interests of the Fund first. Defendants were to avoid serving their own personal interests ahead of the interests of the Fund. **Defendants may not cause the Fund to take action, or not to take action, for their personal benefit rather than the benefit of the Fund**; b) Defendants were supposed to avoid taking inappropriate advantage of their positions. The receipt of investments opportunities, perquisites, or gifts from persons seeking business with the Fund or with the UBS Affiliates could call into question the exercise of your independence judgement. "You may not, for example, use the knowledge of Fund portfolio transactions to profit by the market effect of those transactions."; c) Defendants were supposed to conduct all personal Securities Transactions in full compliance with the Code, including all preauthorization and reporting requirements. **The Code further stated that "Doubtful situations should be resolved in favor of the Fund."**

18. The Code went further to state that every "employee who is an officer, director or employee of the UBS Affiliates shall remain subject to any codes of conduct or similar procedures of that organization."

19. Also, the Code forewarned Defendants that "every broker-dealer, issuer, investment adviser, investment adviser representative, federal covered adviser, investment adviser representative of a federal covered adviser, agent or any other person subject to the provisions of the Act, must observe the highest standard of fiduciary duty toward their customers and investors."

20. In light of the foregoing, the Defendants, because of their preparation and experience,

6

must have acknowledged the fiduciary duties they owned to Plaintiff as shareholder of the funds.

## V. GENERAL ALLEGATIONS AND OPERATIVE FACTS

21. Mr. Bonilla- Dávila has always resided and been domiciled in Puerto Rico. On 2010, Mr. Bonilla-Dávila received an inheritance that include an amount of money around $400,00.00, one part in cash, and the other in investments set forth Popular Securities.

22. Mr. Suárez- Ramirez was in charge of Mr. Mr. Bonilla-Dávila's father investments. As a consequent, Mr. Bonilla-Dávila knows him since he was a kid.

23. Around March 2010, Mr. Bonilla-Dávila requests from Mr. Darío Suárez Ramírez his services as financial advisor. He told Mr. Suárez-Ramírez that he was interested in investing an amount as long as my money would be safe, to diversified it and make it grow. He did not ask for any further information concerning my profile as an investor.

24. Since 2010, Mr. Bonilla-Dávila entrusted his investment assets in Puerto Rico, to Mr. Suárez-Ramirez and UBS Financial Services Incorporated of Puerto Rico, Inc., giving him the authority, in their discretion, to select, purchase and sell securities in my accounts. Taking advantage of my lack of expertise regarding this topics, Mr. Dario Suarez invested all Mr. Bonilla-Dávila assets as a high risk. Contrary to his request and his duty to recommend and seek for suitable transactions and investments according customer profile.

25. Mr. Bonilla-Dávila inquire Mr. Dario Suárez in multiple times with the reasons of the losses informed in the account statements. Mr. Suárez- Ramirez, told him not to worry because any problem will be resolved.

26. Mr. Darío Suárez Ramírez and UBS intentionally misled and withheld crucial information about the suitability and stability of the investments and deals. They made investments (including the purchase and sale of securities) not suitable to Mr. Bonilla-Dávila

7

investment objectives, financial situation and needs, and were in violation of my express instructions contrary to law and regulations. If Mr. Bonilla-Dávila would have known about the materially adverse information that was not disclosed by them, he would not have entrusted his investment assets to them and would not have sustained damages and losses.

## VI.   CLAIM FOR RELIEF

### A.   FIRST CAUSE OF ACTION

23. Plaintiff repeat and reallege the allegations contained in paragraphs 1 through 23 of this complaint.

24. At the times alleged in this Complaint, Defendants, directly and indirectly:

   a. made investments (including the purchase and sale of securities) not suitable to Plaintiff' investment objectives, financial situation and needs, and were in violation of Plaintiff' express instructions and the anti-fraud provisions of the statutes, rules, and regulations cited above;

   b. employed devices, schemes, and artifices to defraud (or in reckless disregard of Plaintiff' investment objectives and/or best interests), including unauthorized and excessive trading of stock (i.e., "churning") in Plaintiff' accounts;

   c. made untrue statements of material fact;

   d. failed to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

   e. engaged in acts, practices, and courses of business that operated as a fraud and

8

        deceit on Plaintiff, all as more fully set forth above; and

    f.  with reckless disregard for the truth, made statements containing misstatements and omissions of material fact as alleged herein.

25. Plaintiff relied on the statements set forth above in making their investment decisions to entrust their investment assets, including the purchase and sale of securities, exclusively with Defendants.

26. Had Plaintiff known of the materially adverse information that was not disclosed by Defendants, they would not have entrusted their investment assets to them and would not have sustained damages.

27. By reason of such wrongful conduct, Defendants are liable to Plaintiff, for violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j (b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, arising out of, or in connection with, unsuitable investments and trading, and unauthorized and excessive trading by them in the investment accounts to which Plaintiff entrusted them.

28. As a direct and proximate result of their wrongful conduct, Plaintiff suffered damages arising out of, or in connection with, unsuitable investments made and unauthorized and excessive trading in investment accounts to which they entrusted Defendants to manage and control.

### B. SECOND CAUSE OF ACTION

29. Plaintiff repeat and reallege the allegations contained in paragraphs 1 through 29 of this complaint.

9

30. This Count is asserted against Defendants is based on Section 20(a) of the Securities Exchange Act, 15 U.S.C. §78t (a).

31. Defendants acted as controlling persons within the meaning of Section 20(a) of the Exchange Act.

32. By reason of the positions of Defendants, they had the power and authority to cause or to prevent the wrongful conduct complained of herein.

33. Notwithstanding, Defendant UBS knew of "red flags" that were indicative of suspicious, irregular, unusual or improper activities by Mr. Darío Suárez Ramírez, in the accounts of Plaintiff, but which they deliberately, knowingly or intentionally ignored, did not respond or follow-up, or to which they were grossly negligent or recklessly indifferent.

34. By reason of such wrongful conduct, Defendant UBS is liable to Plaintiff, pursuant to Section 20(a) of the Exchange Act.

35. As a direct and proximate result of their wrongful conduct, Plaintiff suffered damages arising out of, or in connection with, unsuitable investments made and unauthorized and excessive trading in investment accounts to which they entrusted Defendants to manage and control.

**C. THIRD CAUSE OF ACTION**

36. Plaintiff repeat and reallege the allegations contained in paragraphs 1 through 36 of this complaint.

37. This Count is asserted against Defendants for violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j (b) and Rule 10b-5 promulgated thereunder,

17 C.F.R. §240.10b-5, arising out of, or in connection with, unsuitable investments and trading, and unauthorized and excessive trading by them in the accounts of Plaintiff, and for which they are liable to Plaintiff under the doctrine of respondeat superior.

38. Defendant, UBS employed Mr. Darío Suárez Ramírez and throughout their employment of him controlled the means and manner of his work.

39. During their employment of Mr. Darío Suárez Ramírez, he committed the complained of violations of the anti-fraud provisions of the statutes, rules, and regulations cited above, while acting within their effective control and performing work which they had assigned to him that was within the scope of their business and which served and furthered their business purposes.

40. Defendant, UBS is therefore liable to Plaintiff for the complained of harm they suffered because of Mr. Darío Suárez Ramírez violations of the anti-fraud provisions of the statutes, rules, and regulations cited above, while in their employ and acting within the scope of his employment.

### D. FORTH CAUSE OF ACTION

41. Defendants represented to Plaintiff they would manage and control the assets to which they were exclusively entrusted according to Plaintiff instructions, instead Defendants made unsuitable investments in their accounts, traded stock excessively in their accounts without their authorization and permitted unauthorized transactions in their accounts.

42. The representations made by Defendants were a material factor in forming the decision of Plaintiff to entrust exclusively their investment assets to them to control and manage.

43. The representations made by Defendants to Plaintiff were false.

44. Defendants knew that at the time they made their representations to Plaintiff that they were false or were made with recklessness as to whether such representations were true or false.

45. Defendants made their representations to Plaintiff with intent to defraud them and for the purpose of inducing them to rely and to act in reliance upon them.

46. Plaintiff were unaware of the falsity of these representations and they acted in reliance upon the truth of these representations and were justified in relying upon them.

47. As a result of the reliance by Plaintiff upon the truth of representations Defendants made to them, they sustained damages directly attributable to their misrepresentations.

### E.  FIFTH CAUSE OF ACTION

48. Defendants had a fiduciary relationship with Plaintiff.

49. Plaintiff placed their trust and confidence in Defendants, entrusting their investment assets exclusively to the management and control of the firms, and placing entirely in their hands and at their discretion, the selection, purchase and sale of stock in their accounts

50. Defendants therefore owed Plaintiff a duty of good faith, integrity, loyalty and due care in managing and controlling the investment assets to which they entrusted them.

51. Specifically, Defendants were obligated (a) to manage the accounts of Plaintiff in a manner directly comporting with their needs and objectives and avoid giving advice that was unsound, reckless, ill-formed, or otherwise defective; (b) to keep them informed regarding the changes in the market which affected their interest and act responsively to protect those interests; (c) to keep them informed as to each completed transaction; (d) to explain honestly the

12

practical impact and potential risks of the course of dealing, in their accounts, in which the firms engaged; and (e) not to take unfair advantage of them because of their lack of knowledge of investing business.

52. Defendants knowingly breached their fiduciary duties that they owed to Plaintiff. As a result of the breach of fiduciary duties that Defendants owed Plaintiff, they sustained damages directly attributable to such breaches.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgement as follows:

1. Judgement against Defendant UBS and Defendant Darío Suárez for:

    a. violations of Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b)and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5;

    b. violations of Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a);

    c. fraud;

    d. breach of fiduciary duty to Plaintiff;

    e. failure to supervise and control Mr. Darío Suárez (stock broker);

    f. negligent misrepresentation:

    g. negligence;

    h. gross negligence; and

    i. misappropriation and conversion.

2. Recovery of compensatory damages, including loss of future business opportunities, on all claims alleged by them, together with pre-judgment and post judgment interest thereon;

3. Recovery of punitive damages on their claims for fraud, breach of fiduciary duty, failure to supervise and control Mr. Darío Suárez (stockbroker), negligent misrepresentation, gross negligence and misappropriation and conversion;

4. Recovery, on all claims, of their costs and expenses of this litigation, including reasonable attorney's fees and experts' fees and other costs and disbursements; and

5. Award of further relief as may be just and proper under the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this July 18, 2019.

**SANTIAGO TORRES LAW OFFICE, LLC**
Attorney for Plaintiff
34 Padilla El Caribe
Caguas, Puerto Rico 00725
TEL. (787) 258-9406/FAX. (787) 258-9400

s/Edgardo Santiago Torres
Edgardo Santiago Torres, Esq.
USDC-PR. 231010
E-mail *esantiago@santiagotorreslaw.com*