IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE BONILLA DAVILA

Plaintiff

vs

UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO, INC.; DARIO SUAREZ RAMIREZ; JOHN DOE

Defendants

CIVIL 19-1689CCC

**OPINION AND ORDER**

Before the Court is co-defendant UBS Financial Service Incorporated of Puerto Rico's ("UBS") Motion to Compel Arbitration and to Dismiss (**d.e. 10**) filed October 4, 2019, which remains unopposed.

I. **Motion to Compel Arbitration**

"In deciding a motion to compel arbitration, a court must ascertain whether: "(i) there exists a written agreement to arbitrate, (ii) the dispute falls within the scope of that arbitration agreement, and (iii) the party seeking an arbitral forum has not waived its right to arbitration." Gove v. Career Systems Development Corp., 689 F.3d 1, 4 (1st Cir. 2012).

UBS has submitted the "UBS Client Agreement" for plaintiff's account, executed on November 9, 2009. The relevant portion reads:

w. Arbitration

This Agreement contains a predispute arbitration clause. By signing an arbitration agreement the parties agree as follows:

All parties to this Agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as

> provided by the rules of the arbitration forum in which a claim is filed.
>
> […]
>
> You agree, and by opening an account for you, UBS Financial Services Inc. or UBS International Inc. or UBS Financial Services Incorporated of Puerto Rico, as applicable, agrees, and by carrying an account for you UBS Financial Services Inc. agrees, that any controversy, claim or issue in any controversy which may arise between […] you and UBS Financial Services Incorporated of Puerto Rico, that occurred prior, on or subsequent to the execution of this Agreement, including but not limited to, any controversy, claim or issue in any controversy concerning any account(s), transaction, dispute or the construction, performance or breach of this Agreement or any other agreement (whether entered into prior, on or subsequent to the date hereof) shall be determined by arbitration. Any arbitration under this Agreement shall be held under and pursuant to and be governed by the Federal Arbitration Act, and shall be conducted before an arbitration panel convened by the Financial Industry Regulatory Authority (FINRA), or any other national securities exchange's arbitration forum upon which UBS Financial Services Inc. or, for those accounts opened with UBS International Inc., UBS International Inc. is legally required to arbitrate the controversy with you, including where applicable, the Municipal Securities Rulemaking Board. Such arbitration shall be governed by the rules of the organization convening the panel. […]

(d.e. 14-1). UBS also submitted a UBS Managed Portfolio Account Application dated March 14, 2018, which reads in part "THE ADVISORY RELATIONSHIP AGREEMENT AND ALL ACCOUNTS I ESTABLISH UNDER ITS TERMS ARE SUBJECT TO THE PRE-DISPUTE ARBITRATION AGREEMENT IN THE CLIENT RELATIONSHIP AGREEMENT") (d.e. 14-1).  Based on these documents, which plaintiff has not challenged, the Court finds that there exists a written agreement to arbitrate.

Plaintiff raises a variety of causes of action against UBS, but all of these causes relate to UBS's alleged mismanagement or breach of duties related to plaintiff's accounts held at UBS.  As the arbitration clause broadly applies to "any controversy, claim or issue in any controversy concerning any account(s), transaction, dispute or the construction, performance or breach of this

CIVIL 19-1689CCC               3

Agreement or any other agreement," the Court finds that the dispute at issue falls under the ambit of the arbitration agreement.

Finally, the Court finds that UBS has not waived its right to arbitration, as UBS brought this motion to assert the right and no facts are alleged supporting the existence of a waiver.

Accordingly, UBS's Motion to Compel Arbitration (**d.e. 10**) is GRANTED. The Court hereby DECLARES that all issues, claims and defenses raised against UBS in this action are subject to arbitration, pursuant to the UBS Client Agreement, and the plaintiff are UBS are ORDERED to submit all such claims against UBS to arbitration in accordance with the UBS Client Agreement.

## II.    **Motion to Dismiss**

9 U.S.C. § 3 requires that the Court, at the request of either party, "stay the trial of the action until . . . arbitration has been had in accordance with the terms of the agreement." However, the Court may dismiss the case rather than order a stay when "all of the issues before the court are arbitrable." Bercovitch v. Baldwin School, Inc., 133 F.3d 141, 156 n. 21 (1st Cir. 1998). As the Court has ordered that all claims against UBS be referred to arbitration, UBS's Motion to Dismiss (**d.e. 10**) is GRANTED.  Partial judgment shall be entered by separate order.

SO ORDERED.

At San Juan, Puerto Rico, on November 1, 2019.

S/CARMEN CONSUELO CEREZO  
United States District Judge