IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE BONILLA DAVILA<br>Plaintiff<br>vs<br>UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO, INC.; DARIO SUAREZ RAMIREZ; JOHN DOE<br>Defendants | CIVIL 19-1689CCC |

**OPINION AND ORDER**

Before the Court is defendant Darío Suárez Ramírez's Motion to Compel Arbitration and to Dismiss (**d.e. 25**) filed December 26, 2019; plaintiff's Opposition (d.e. 31) filed January 31, 2020; and defendant's Reply (d.e. 34) filed February 27, 2020.

**STANDARD OF REVIEW**

To compel arbitration, a party "must demonstrate that a valid agreement to arbitrate exists, that the[y are] entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino, 640 F.3d 471, 474 (1st Cir. 2011) (internal quotation marks omitted).

**DISCUSSION**

A.  Valid Agreement to Arbitrate

The Court previously held that plaintiff executed contracts containing a valid arbitration clause with defendant's employer, UBS Financial Services Inc.

of Puerto Rico ("UBS") (d.e. 16; d.e. 24). Plaintiff argues that he was fraudulently induced to enter these contracts, and makes two factual allegations in support.

First, plaintiff alleges that defendant "never explained to plaintiff what he was signing and all the implications of the clauses contained in the documents such as the arbitration and choice of law clauses." (d.e. 1, para. 12). Second, plaintiff alleges that he did not sign and was not provided with the Client Relationship Agreement, which contained the arbitration clause (d.e. 1, para. 12). The Court has previously held that the Client Relationship Agreement was incorporated into the documents signed by plaintiff (d.e. 24). Neither of plaintiff's arguments is supported by Puerto Rico law.

> In Rivera v. Centro Medico de Turabo, the First Circuit recognized that, "[a]bsent fraud, a person is deemed to know the contents of a contract that he or she signs . . . . Thus whether plaintiffs actually knew of the arbitration clause in their contracts is irrelevant; that knowledge is imputed as a matter of law." 575 F.3d 10, 20-21 (1st Cir. 2009) . . . [T]his presumption applies even when the signed document "incorporate[s] by reference" an arbitration provision "that may be found" in another document, "irrespective of whether [the party] received a copy of the document" containing the clause. See Steelmasters, Inc. v. Local Union 580 of Int'l Ass'n of Bridge, Structural, Ornamental and Reinforcing Iron Workers, 2008 WL 312096 at *4 (E.D.N.Y.).

Benitez-Navarro v. Gonzalez-Aponte, 660 F. Supp. 2d 185, 191 (D.P.R. 2009). Mere failure to explain the contents of contract, without more, does not constitute fraud; neither does failure to provide a copy of an incorporated document. As plaintiff has made no factual allegation that would support a finding of fraud, the Court finds that a valid written agreement to arbitrate exists.

CIVIL 19-1689CCC                    3

### B.    Entitlement to Invoke Arbitration Clause

Defendant argues that, as an employee of UBS, he may invoke the arbitration agreement executed between plaintiff and UBS.

While as a general rule a contract is not binding upon a non-signatory, "there are exceptions allowing non-signatories to compel arbitration". Restoration Pres. Masonry, Inc. v. Grove Eur. Ltd., 325 F.3d 54, 62 n. 2 (1st Cir. 2003). One exception is when an employee is sued for actions undertaken as the contracting party's employee. Grand Wireless, Inc. v. Verizon Wireless, Inc., 748 F.3d 1, 10 (1st Cir. 2014). As defendant is being sued solely for his actions as an employee of UBS, he is entitled to invoke the arbitration clause.

### C.    Plaintiff Bound by Arbitration Clause

As plaintiff is a signatory to a valid arbitration agreement, he is bound.

### D.    Dispute Covered by Arbitration Clause

Each action raised against defendant relates to the mismanagement or breach of duties related to plaintiff's accounts held at UBS. As the arbitration clause broadly applies to "any controversy, claim or issue in any controversy concerning any account(s), transaction, dispute or the construction, performance or breach of Agreement or any other agreement" (d.e. 14-1) the Court finds that the dispute at issue falls under the ambit of the arbitration agreement.

CIVIL 19-1689CCC 4

## CONCLUSION

Defendant Darío Suárez-Ramírez's Motion to Compel Arbitration and to Dismiss (**d.e. 25**) is GRANTED. The Court hereby DECLARES that all issues, claims and defenses raised against Darío Suárez-Ramírez in this action are subject to arbitration, pursuant to the UBS Client Agreement, and the plaintiff and Darío Suárez-Ramírez are ORDERED to submit all such claims to arbitration in accordance with the UBS Client Agreement. Judgment shall enter by separate order.

SO ORDERED.

In San Juan, Puerto Rico, this 13th day of March, 2020.

S/GUSTAVO A. GELPÍ
Chief United States District Judge